# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**MARY BRAZIL**                                                                                              **PLAINTIFF**

**V.**                              **CASE NO. 5:19CV00087 JM**

**ARKANSAS DEPARTMENT OF HUMAN
SERVICES and TIM TAYLOR, in his
Individual capacity**                                                   **DEFENDANTS**

## ORDER

Pending is the Defendants' Motion for Summary Judgment. (Docket # 29). Plaintiff has responded to the motion, Defendants have filed a reply and Plaintiff has filed a response to the Defendants' reply. For the reasons set forth below, the Motion is GRANTED.[1]

    I.     Facts

Plaintiff Mary Brazil alleges that the Arkansas Department of Human Services ("DHS") discriminated against her by denying her two job opportunities during her employment due to her age and in retaliation for her previous lawsuits against DHS. Plaintiff claims that these positions were awarded to younger less qualified individuals. The Defendants move for summary judgment on both claims.

    II.    Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial

---

[1] Plaintiff's motion for leave to join a defendant, docket # 41, is denied as futile for the reasons stated herein. Further, the motion is untimely as the deadline to move to add parties was February 13, 2020.

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted) (brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

    III.    <u>Analysis</u>

Sovereign immunity bars Plaintiff's claims against DHS under the ADEA and 42 U.S.C. §§1981 and 1983. The Eleventh Amendment bars any suit against a state in federal court unless the state has consented to suit or Congress has unambiguously abrogated the state's Eleventh

Amendment immunity. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54-56 (1996). Congress did not abrogate Arkansas' Eleventh Amendment immunity when it enacted § 1981 and § 1983. *See Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 890 (8th Cir. 2005) (regarding § 1981); *Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991) (regarding § 1983). In addition, the State of Arkansas has not consented to suit for the purposes of the Eleventh Amendment. *Burk*, 948 F.2d at 493.  "The Eleventh Amendment provides states, and state agencies [,] ... with immunity not only from suits brought by citizens of other states, but also from suits brought by their own citizens." *Doe v. Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (internal citations omitted). The Eleventh Amendment bars suit against "'the state or one of its agencies or departments' ... whether the relief sought is legal or equitable." *Papasan v. Allain*, 478 U.S. 265, 276 (1986) (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ) (internal citations omitted).  States and state agencies are also immune from ADEA claims in federal court. *Rush v. State of Ark. Dep't of Workforce Services,* 876 F.3d 1123, 1126 n.1 (8th Cir. 2017). Thus, Plaintiff's ADEA, §§1981 and 1983 claims are barred.

     DHS is also entitled to sovereign immunity from Plaintiff's claims under the Arkansas Civil Rights Act (ACRA). Ark. Code Ann. § 16-123-104 ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."); *Cross v. Arkansas Livestock & Poultry Comm'n*, 943 S.W.2d 230, 232 (Ark. 1997).  Finally, Defendants in their individual capacity are not liable under Title VII, the ADEA or ACRA.  Hill v. *Arkansas Dep't of Human Servs.,* No. 4:16-CV-00872 BSM, 2017 WL 2221701, at *2 (E.D. Ark. May 19, 2017) see also, *Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 820 (E.D. Ark. 1996).

     Congress validly abrogated the Eleventh Amendment with the enactment of Title VII, *see Warren v. Prejean*, 301 F.3d 893, 899 (8th Cir. 2002), thus Plaintiff's claims under Title VII

against the ADHS are not barred. In order to establish a retaliation claim under Title VII,[2] an employee must show she engaged in statutorily protected conduct, she suffered an adverse employment action, and that there was a causal link between the two actions. *McCullough v. Univ. of Ark. for Med. Sciences*, 559 F.3d 855, 864 (8th Cir. 2009). The plaintiff's ultimate burden in a Title VII retaliation case is to prove an impermissible retaliatory motive was the "but-for cause" of the adverse employment action. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). "Once a plaintiff has shown a *prima facie* case of retaliation, the burden shifts to the employer to proffer a legitimate, non-retaliatory basis for the adverse employment action. The plaintiff then bears the burden of proving that the employer's proffered reason was a mere pretext for a retaliatory motive." *McCullough,* at 864.

Plaintiff alleges she applied for a Division of Medical Services Program Manager position in March 2017 but Defendants misapplied the benchmarking process and falsified documents in order to deny her an interview. Kaayla Williams a younger person was hired for the position. Plaintiff claims that Ms. Williams is less qualified than her.[3] Further, Plaintiff alleges that another younger and less qualified person, Elmira McCastle was placed in an Administrative Analyst position. Plaintiff believes this position should have been offered to her. Plaintiff alleges that these acts are based on her age and in retaliation for previously filed lawsuits. Although Plaintiff has filed four other lawsuits against DHS[4] she claims the actions in

---

[2] Plaintiff's §1983 individual capacity claims are analyzed in the same manner as the Title VII claims. In the employment discrimination context, that the elements of Title VII claims and § 1983 claims are the same. *See, e.g., Humphries v. Pulaski County Special Sch. Dist.*, 580 F.3d 688, 692 n.3 (8th Cir. 2009)

[3] Williams application for the position was initially rejected for not meeting the minimum qualifications or experience, but it was reinstated when Williams sent a letter to HR explaining that she did meet the experience qualifications.

[4] Brazil v. Arkansas Department of Human Services, No. 4:13CV468-DPM (E.D. Ark); Brazil v. Arkansas Department of Human Services, et al., No. 4:16cv876-DPM (E.D. Ark); Brazil v.

4

this case are in retaliation for her 2015 lawsuit which was dismissed on May 15, 2017.

Defendants contend that twenty-four individuals applied for the DMS Program Manager position. Tim Taylor, then Assistant Director of Medicaid for the Division of Medical Services, appointed another supervisor in the division, Tracy Mitchell, to conduct the interviews. Ms. Mitchell used a benchmarking process to determine which applicants to interview. Ms. Mitchell conducted the benchmarking process blind, she did not look at the names when applying the criteria. Five applicants fell in Group A and per policy, were entitled to an interview. Brazil fell in Group B.

It is undisputed that Plaintiff's previous lawsuits constitute a protected activity and that she was not selected for the Program Manager position. However, Plaintiff failed to prove that her previously filed lawsuits were the "but-for" cause of her not receiving an interview or the Program Manager position here. Plaintiff points to the fact that this alleged retaliatory act occurred in March and April 2017. Plaintiff's 2015 lawsuit against the Department was closed on May 15, 2017. However, timing alone is rarely sufficient to prove causation; there must be other evidence showing a retaliatory motive. *Kipp v. Missouri Highway & Transp. Comm'n.,* 280 F.3d 893, 897 (8th Cir. 2002); *Tyler v. Univ. of Arkansas Bd. of Trustees,* 628 F.3d 980, 986 (8th Cir. 2011). Additionally, "the mere coincidence of timing" does not raise an inference of causation. *Nelson v. J.C. Penney Co.,* 75 F.3d 343, 346 (8th Cir.) (supervisors' knowledge of discrimination complaint raised no inference of causation), *cert. denied,* 519 U.S. 813, 117 S.Ct. 61, 136 L.Ed.2d 23 (1996).

Finally, even if Plaintiff were able to establish a prima facie case, Defendants have

---

Arkansas Department of Human Services, No. 5:15cv253- DPM (E.D. Ark); Brazil v. Arkansas Department of Human Services, No. 5:16cv264-BSM (E.D. Ark).

offered a legitimate, nonretaliatory reason for Plaintiff not receiving an interview or being offered the Program Manager position. Plaintiff did not qualify for an interview based on the benchmarking process. The Court finds this to be a legitimate business reason for its actions.

Plaintiff is "then obliged to present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation." *Logan v. Liberty Healthcare Corp.*, 416 F.3d 877, 880 (8th Cir. 2005). An employee may demonstrate pretext by two different methods. He may show pretext by persuading the Court that retaliatory animus more likely motivated his employer. Or he may show that the employer's explanation is unworthy of credence because it has no basis in fact. Either route amounts to showing that a prohibited reason, rather than the employer's stated reason, actually motivated the termination. *Rooney v. Rock-Tenn Converting Co.*, 878 F.3d 1111, 1117 (8th Cir. 2018) (internal citations omitted).

Plaintiff has not provided evidence of pretext. Plaintiff's subjective belief that the benchmarking process was falsely applied in order to discriminate against her based on age and in retaliation for her previous lawsuits is not sufficient to create a genuine issue of material fact so as to preclude summary judgment. *Pennington v. Bd. of Trustees of Univ. of Arkansas*, No. 4:10-CV-1071-DPM, 2012 WL 2254247, at *1 (E.D. Ark. June 15, 2012), *aff'd sub nom. Pennington v. Univ. of Arkansas Bd. of Trustees,* 500 F. App'x 567 (8th Cir. 2013).

As to the Administrative Analyst position, the Defendants claim that the position was created so that an employee of a DHS contractor could continue to work in that role when the contract ended. Defendants assert that the employee hired for this position was already in the position and was hired pursuant to an emergency hire request to maintain the functions of the office without interruption. Plaintiff has not demonstrated that her previously filed lawsuits were

the "but-for" cause of her not receiving this position. Even if Plaintiff were able to establish a prima facie case, the Defendants' state reason of placing Ms. McCastle in this position pursuant to an emergency hire request to maintain the functions of the office without interruption is a legitimate non-discriminatory reason for it decision. Plaintiff's subjective belief that she was not considered for this position in retaliation for her previous lawsuits is not sufficient to create a genuine issue of material fact to preclude summary judgment. *Id*.

 IV.    Conclusion

For these reasons, Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's motion to join a defendant  is DENIED.

IT IS SO ORDERED this 24th day of September, 2020.

_____
James M. Moody Jr.
United States District Judge